IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN RODGERS,

    Plaintiff,               No. CIV S-07-2269 WBS DAD P

    vs.

JAMES E. TILTON, et al.,

    Defendants.         FINDINGS AND RECOMMENDATIONS

_____/

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Now pending before the court is plaintiff's motion to amend his complaint.[1]

**BACKGROUND**

    Plaintiff filed a complaint and initiated this action back on November 24, 2007. (Doc. No. 1.) At that time the court screened plaintiff's complaint and found that it appeared to state cognizable claims against defendants Athanassious, Moreno, Pettigrew, Whitten, and Wyant. (Doc. No. 6.) The court also concluded, however, that the amended complaint failed to state cognizable claims against defendants Tilton, Hubbard, and Andreasen because plaintiff

---

[1] Plaintiff's motion to amend was filed concurrently with a proposed amended complaint as required by Local Rule 220.

1

failed to allege facts that, if proven, would demonstrate a causal link between these supervisory personnel and any constitutional violation alleged by plaintiff in his complaint. (Id. at 2.) Plaintiff did not seek reconsideration of that order either from the undersigned or from the assigned district judge in a timely fashion.

On March 20, 2009, defendants Athanassious, Moreno, Pettigrew, Whitten, and Wyant filed a motion to dismiss. (Doc. No. 23.) On November 10, 2009, the undersigned issued findings and recommendations in this case recommending that the motion to dismiss be granted in part and denied in part. (Doc. No. 35.) Specifically, the undersigned recommended that plaintiff be allowed to proceed only with respect to his Eighth Amendment claims against defendants Athanassious and Pettigrew. (See id. at 17-18.) The undersigned recommended that defendants Moreno, Whitten, and Wyant be dismissed from this action because plaintiff failed to exhaust his administrative remedies prior to filing suit against these defendants. (Id. at 11-14.) On January 26, 2010, the district judge assigned to this case adopted these findings and recommendations in full. (Doc. No. 40.)

On March 3, 2010, the court entered a discovery order in this action. (Doc. No. 42.) One month later, on April 19, 2010, plaintiff filed the pending motion to amend his complaint. (Doc. Nos. 44 & 45.)

## PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT

I. Plaintiff's Motion

In his motion, plaintiff argues that his proposed amended complaint is easier to read and presents his claims more clearly against defendants Andreasen, Wyant, Whitten, Pettigrew, and Moreno. (Mot. at 2.) Plaintiff also contends that the proposed amended complaint asserts two new tort claims under California law. (Id.) Specifically, plaintiff seeks leave to amend to add a medical malpractice claim against defendant Athanassious and a personal injury claim against defendant Pettigrew.

/////

II. <u>Defendants' Opposition</u>

In their opposition, defendants argue that plaintiff's motion should be denied because his proposed amended complaint names defendants who have already been dismissed from this action. (<u>Id.</u> at 1-2.) In this regard, defendants argue that the proposed amended complaint fails to allege any new facts or circumstances that would warrant the insertion of defendants Andreasen, Tilton, Hubbard, Moreno, Whitten, or Wyant back into this litigation. (<u>Id.</u>)

Defendants also argue that plaintiff's proposed amendment of his complaint to include two new state claims would be futile. (<u>Id.</u> at 4.) Defendants contend that under the California Tort Claims Act, a claim must be filed with the Victim Compensation and Government Claims Board prior to suing a state employee for damages in court. (<u>Id.</u> at 4-5.) Defendants' note that plaintiff has failed to allege in his proposed amended complaint that he has complied with that filing requirement. (<u>Id.</u> at 5.) Therefore, according to defendants, the proposed amended complaint fails to state a cognizable claim under state law. (<u>Id.</u>)

III. <u>Plaintiff's Reply</u>

In reply, plaintiff asserts that he was unable to adequately oppose defendants' March 20, 2009 motion to dismiss because at the time, he was heavily medicated and relied on another mental patient to draft his opposition to defendants' motion. (Reply at 4.) Plaintiff argues that he seeks to reinsert defendants Moreno, Whitten, and Wyant back into this case because he has recently discovered the Eleventh Circuit decision in <u>Turner v. Burnside</u>, 541 F.3d 1077 (11th Cir. 2008), which may provide a legal basis for excusing his failure to exhaust administrative remedies against these defendants prior to filing suit. (<u>Id.</u> at 3-4.) In that case, according to plaintiff, a prisoner was excused from his failure to exhaust because prison officials had threatened to retaliate against him for filing grievances. (<u>Id.</u> at 3.)

Next, plaintiff attempts to clarify the allegations against defendants Tilton and Hubbard set forth in his proposed amended complaint. Plaintiff explains that he is suing these

1  defendants only in their official capacities and for their failure to address his grievances in his
2  inmate appeals.  (See id. at 5-6.)
3        Lastly, plaintiff acknowledges that the California Tort Claims Act bars him from
4  recovering damages on his state law claims against defendants Pettigrew and Athanassious.  (Id.
5  at 7.)  Accordingly, plaintiff asserts that he is now only seeking declaratory relief with respect to
6  his new proposed state law claims against those defendants.  (Id.)

### LEGAL STANDARDS

8        The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall
9  be freely given when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Nevertheless, leave to amend
10 need not be granted where the amendment: (1) prejudices the opposing party; (2) is sought in bad
11 faith; (3) produces an undue delay in litigation; or (4) is futile.  See Amerisource Bergen Corp. v.
12 Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citing Bowles v. Reade, 198 F.3d 752,
13 757 (9th Cir. 1999)).
14       Moreover, the court is required to screen complaints brought by prisoners seeking
15 relief against a government entity or an officer or employee of a governmental entity.  See 28
16 U.S.C. § 1915A(a).  The court must dismiss a complaint, or a portion thereof, if the prisoner has
17 raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
18 may be granted, or that seek monetary relief from a defendant who is immune from such relief.
19 See 28 U.S.C. § 1915A(b)(1) & (2).  A claim is legally frivolous when it lacks an arguable basis
20 either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745
21 F.2d 1221, 1227-28 (9th Cir. 1984).

### DISCUSSION

23       Plaintiff's motion amounts to nothing more than an untimely request for the court
24 to reconsider its October 8, 2008 screening order finding that no cognizable claims were stated
25 against defendants Tilton, Hubbard and Andreasen, and the court's January 26, 2010 order
26 granting defendants' motion in part and dismissing defendants Moreno, Whitten and Wyant from

this action.  Moreover, plaintiff's proposed amended complaint fails to allege any new facts demonstrating the existence of cognizable claims against these defendants.  For example, with respect to defendants Tilton, Hubbard, and Andreasen, plaintiff's proposed amended complaint continues to fail to allege facts demonstrating a causal link between these supervisory personnel and any constitutional violation alleged by plaintiff.  Rather, plaintiff merely vaguely alleges in his proposed amended complaint that these defendants reviewed his inmate appeals at some point and therefore knew, or reasonably should have known, that his rights were being violated by the employees they supervised.  (See Proposed Am. Compl. at 2-4, 8.)  Such vague and general allegations, however, are insufficient to state a cognizable § 1983 claim.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner does not have a constitutional right to an effective grievance or appeal); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (holding that liability under § 1983 cannot be premised solely on a supervisor's alleged failure to respond to an inmate grievance).

With respect to defendants Moreno, Whitten, and Wyant, the court agrees with defendants' counsel that the reinsertion of these defendants into this case would be inappropriate.  These defendants were dismissed from this action pursuant to defendants' motion to dismiss due to plaintiff's failure to exhaust his administrative remedies prior to filing suit.  At that time, plaintiff had the opportunity to argue that he should be excused from the Prison Litigation Reform Act's (PLRA) exhaustion requirement due to threats of retaliation by prison officials.  The Eleventh Circuit decision that plaintiff now purports to rely upon, Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008), was decided well before defendants' March 20, 2009 motion to dismiss.  Plaintiff's belated discovery of the Turner out-of-circuit decision does not constitute new evidence nor an intervening change in law warranting the reconsideration of the court's prior order of dismissal based upon plaintiff's failure to exhaust.  Nor should plaintiff be effectively afforded another opportunity to oppose defendants' previous motion to dismiss solely because he purportedly relied on another inmate for assistance in drafting his original opposition to the

motion to dismiss.

The court also agrees with defendants that plaintiff's proposed new state tort claims are barred by the California Tort Claim Act ("CTCA").  Under the CTCA, a plaintiff may not maintain an action for damages against a public employee unless he has first presented a written claim to the state Victim Compensation and Government Claims Board, and the Board has acted on it.  See California Government Code §§ 905, 905.2, 945.4, & 950.2.  Such a claim must be submitted within six months of accrual of the cause of action.  California Government Code § 911.2.  In his proposed amended complaint, plaintiff asserts a new medical malpractice against defendant Athanassious and a new personal injury claim against defendant Pettigrew.  However, plaintiff concedes that he has not complied with CTCA's claim presentation requirement.  (Reply at 6-7.)  Nor will plaintiff be able to comply with the CTCA since his state law claims accrued nearly four years ago and would be subject to dismissal in any event.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988) (state law claims are subject to dismissal for failure to comply with CTCA's claim presentation requirement); Nelson v. Runnels, No. CIV S-06-1289 LKK DAD P, 2009 WL 211052, at *6-7 (E.D. Cal. Jan. 28, 2009) (dismissing state claims for failure to comply with the CTCA).

Plaintiff's attempt to circumvent the CTCA's claim presentation requirement by asserting that he is only seeking declaratory relief on his state claims is also without merit.  Plaintiff lacks standing to seek declaratory relief in this action.  See Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) ("[A] plaintiff who has standing to seek damages for a past injury . . . does not necessarily have standing to seek prospective relief such as a declaratory judgment.)  Declaratory relief is only available when the plaintiff can show a significant possibility of future harm.  Coral Constr. Co. v. King County, 941 F.2d 910, 929 (9th Cir. 1991).  Here, plaintiff fails to allege facts in his proposed amended complaint demonstrating that defendants' actions present a real threat of future harm.  Rather, plaintiff's allegations are entirely focused on past events and injuries.  As such, declaratory relief with respect to plaintiff's

proposed new claims would be unavailable to him.

In sum, the court finds that plaintiff's proposed amended complaint fails to state new cognizable claims. Accordingly, plaintiff's motion to amend should be denied.[2]

**OTHER MATTERS**

On April 26, 2010, plaintiff filed a motion requesting the court vacate its October 8, 2008 screening order finding a lack of cognizable claims against defendants Hubbard and Andreasen from this action. Therein, plaintiff repeats the arguments he asserts in his motion to amend. Specifically, plaintiff argues once again that defendants Hubbard and Andreasen were part of the "chain of command," which included defendants Moreno, Whitten, Wyant, Pettigrew, and Athanassious. (See Mot. to Vacate at 4-5.) According to plaintiff, defendants Hubbard and Andreasen therefore knew or should have known that the other defendants were violating plaintiff's civil rights. (See id.)

Plaintiff also requests in his motion that the court vacate its January 26, 2010 order granting defendants' motion to dismiss in part and dismissing defendants Moreno, Whitten, and Wyant from this action. In this regard, plaintiff reiterates that his initial attempt at opposing defendants' March 20, 2009 motion to dismiss was incomplete. (See id. at 1.) Plaintiff restates that he has recently discovered the Eleventh Circuit's Turner decision which provides a ground for excusing his failure to exhaust his administrative remedies prior to filing suit against these defendants. (Id. at 2-3.)

Construed as a request for reconsideration of the court's prior orders, plaintiff's motion should be denied. Pursuant to the Federal Rules of Civil Procedure, a court has

---

[2] To the extent that plaintiff simply seeks to amend his complaint to clarify the factual allegations of his complaint against defendants Attanassious and Pettigrew, plaintiff is advised that Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Here, the court has already found that plaintiff's original complaint appears to state cognizable claims against defendants Athanassious and Pettigrew. Accordingly, amendment is unnecessary in this regard.

7

discretion to relieve a party from an order for "any reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, a motion for reconsideration must present, among other things, new facts or circumstances which did not exist at the time the motion was first decided. See Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 878, 880 (9th Cir. 2009); Local Rule 230(j). Reconsideration of a court's prior orders is disfavored and Rule 60(b)(6) should be used "sparingly" and utilized only where "extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).

      Here, plaintiff's motion fails to demonstrate extraordinary circumstances warranting reconsideration of the court's prior order dismissing defendants Moreno, Whitten, and Wyant. As explained above, plaintiff timely opposed defendants' March 20, 2009 motion to dismiss. Plaintiff's vague assertions that he was released from the hospital around that time and relied on another inmate to draft his opposition to the motion to dismiss does not entitle him to reargue that motion over a year later. Morever, the out-of-circuit decision that plaintiff now seeks to rely upon does not constitute an intervening change of controlling law. Therefore, plaintiff's request for reconsideration of the assigned district judge's January 26, 2010 order granting defendants' motion to dismiss in part should be denied.

      Plaintiff's request for reconsideration of the court's 2008 screening order concluding that no cognizable claims had been stated against defendants Hubbard and Andreasen should also be denied. Under Local Rule 303(b), "rulings by Magistrate Judges shall be final if no reconsideration is sought from the court within fourteen days . . . from the date of service of the ruling . . . ." In this case, plaintiff was served with the undersigned's screening order declining to authorize service on defendants Hubbard and Andreasen on October 8, 2008. However, plaintiff did not file his pending request for reconsideration of that order until over eighteen months later on April 26, 2010. Accordingly, plaintiff's request for reconsideration of the 2008 screening order is untimely and should be denied on that basis alone. In addition, for the reasons set forth above the request for reconsideration lacks merit.

8

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's April 19, 2010 motion to amend (Doc. No. 43) be denied; and

2. Plaintiff's April 26, 2010, motion to vacate (Doc. No. 45) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file and serve written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within seven days after the objections are served.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 7, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
rodg2269.mta+rec