IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN RODGERS,

      Plaintiff,                  No. CIV S-07-2269 WBS DAD P

      vs.

JAMES E. TILTON, et al.,

      Defendants.          ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On June 7, 2010, plaintiff filed a motion to re-open discovery in this action. In his motion, plaintiff explains that on April 15, 2010 he served defendants with his requests for interrogatories, on April 21, 2010 with a request for production of documents, and on May 9, 2010 with requests for admissions. Plaintiff notes, however, that defense counsel has refused to respond to these discovery requests because, pursuant to the court's March 3, 2010 scheduling order, discovery requests in this case were to be served on or before April 4, 2010. According to plaintiff, he was unable to meet this deadline due to copy service delays at the institution of his incarceration.

      Also on August 24, 2010, defense counsel filed a motion to modify the scheduling order in this case. Specifically, counsel seeks additional time to file dispositive motions on

1

behalf of defendants.  In addition, counsel indicates that he does not oppose plaintiff's June 7, 2010 motion to re-open discovery in this action.

A scheduling order cannot be modified "except upon a showing of good cause." Fed. R. Civ. P. 16(b).  Good cause is present when the party requesting modification has been diligent but nevertheless is unable to meet the timetable set forth by the court.  See Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  Here, plaintiff has arguably established his diligence based on representations regarding his attempts to serve defendants with his discovery requests, despite incurring copy service delays at the institution of his incarceration.  Moreover, defendants will not be prejudiced by any modification of the discovery deadlines, as indicated by their statement of non-opposition to plaintiff's request. Accordingly, good cause appearing, the court will reset the discovery and dispositive motion deadlines in this case.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's June 7, 2010 motion to re-open discovery (Doc. No. 47) is granted and his discovery requests referred to above will be deemed timely served; and

2. Defendants' August 24, 2010 motion to modify the scheduling order (Doc. No. 50) is granted.  The court's discovery and scheduling order (Doc. No. 42) is modified as follows:

   A. The parties may conduct discovery until October 29, 2010.  Motions necessary to compel discovery, if any, shall be filed and served by that date; and

   B. All pretrial motions, except motions to compel discovery, shall be filed on or before February 25, 2011.

DATED: September 7, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
rodg2269.41.mod