UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KEVIN RODGERS,

      Plaintiff,

      v.

JAMES TILTON, et al.,

      Defendants.
_____/

NO. CIV. 2:07-02269 WBS DAD

<u>ORDER RE: MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS</u>

----oo0oo----

Plaintiff Kevin Rodgers, a prisoner proceeding <u>pro se</u>, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and Local Rule 302(c)(17). Defendant Dr. Athanassious filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, and the Magistrate Judge recommended that the court grant Dr. Athanassious's motion for summary judgment in part and deny it in part. Dr. Athanassious' filed timely objections to the

1

recommendation to deny part of his motion, and the court now reviews the Magistrate Judge's Findings and Recommendations <u>de novo</u>.  28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3).

Most of plaintiff's § 1983 claims involve an injury that occurred to his finger when it was slammed in a cell door on August 18, 2006, and the subsequent treatment of it.  Dr. Athanassious was the physician who initially treated plaintiff's finger, and the Magistrate Judge recommended that the court grant Dr. Athanassious's motion for summary judgment with respect to plaintiff's Eight Amendment inadequate medical care claim based on Dr. Athanassious's treatment of plaintiff's finger.  Plaintiff has not objected to this recommendation.

In what appears to be unrelated to plaintiff's injury to and treatment of his finger, plaintiff also received medical treatment on September 8, 2006, when he was unable to urinate.  Plaintiff alleges that Dr. Athanassious forced a catheter into his penis despite plaintiff's repeated requests to stop because it was causing him pain.  The catheter was ultimately removed because of the pain it was causing plaintiff and plaintiff experienced bleeding for three days after it was removed.

Dr. Athanassious' moved for summary judgment on plaintiff's Eight Amendment inadequate medical care claim in connection with the catheter incident on the grounds that plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA").  It is undisputed that plaintiff did not mention the catheter incident in his first level inmate grievance that he filed on September 18, 2006, which challenged Dr. Athanassious's treatment of his finger.  (Pl.'s

2

Opp'n Ex. F (Log No. 06-1947).)  It is also undisputed that plaintiff did not mention the catheter incident in the second level appeal of the denial of that grievance.  (Id.)  Plaintiff did, however, describe the catheter incident in his third level appeal (Director's Level Appeal) of his grievance, which he filed on December 19, 2006.  (Id.)  Plaintiff's Director's Level Appeal was denied without mention of the catheter incident, and plaintiff was informed that he had exhausted his administrative remedies for that grievance.

Based on plaintiff's inclusion of the catheter incident in the Director's Level Appeal, the Magistrate Judge reasoned that plaintiff sufficiently exhausted his administrative remedies on that claim because the prison officials did not "screen out" plaintiff's catheter claim as improperly presenting new allegations that needed to be raised in a first level grievance. The Magistrate Judge relied on Sapp v. Kimbrell, 623 F.3d 813 (9th Cir. 2010), which upheld screening out of new issues raised in a second level appeal because the inmate should have raised the issues in a first level grievance.  The Magistrate Judge reasoned that, because the prison officials failed to screen out plaintiff's catheter claim before informing plaintiff that his Director's Level Appeal had exhausted his administrative remedies, plaintiff had sufficiently exhausted his administrative remedies.

Although Sapp upheld prison officials' proper screening out of prisoner complaints raised for the first time at the second or third level of review, Sapp did not hold that prison officials' failure to screen out new claims is sufficient to

3

satisfy the exhaustion requirements under PLRA.  See 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").  More importantly, exhaustion under the PLRA requires "proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).  At the time of the incidents at issue in this case, plaintiff was required to file his initial inmate grievance "within 15 working days of the event or decision being appealed."  Cal. Code Regs. tit. 15, § 3084.6(c) (2009); Sapp, 623 F.3d at 818.

   Here, plaintiff first raised his complaint about the catheter incident in the Director's Level Review he filed on December 19, 2006, which was over three months after the catheter incident.  Even if the prison officials had screened out plaintiff's catheter claim at the Director's Level Review, plaintiff would not have been able to initiate a new grievance for that claim because the time allowed to do so had long expired.  Plaintiff was therefore not harmed by the prison officials' failure to screen out his catheter claim and cannot sidestep the administrative deadlines enforced through the PLRA by raising new issues in an existing appeal.  Cf. Woodford, 548 U.S. at 95 (requiring proper exhaustion, including compliance with administrative deadlines, because otherwise "a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to

1  file on time"); see also Henderson v. Rodriguez, Civ. No.
2  1:08-0188-LJO-DLB, 2009 WL 817750, at *3-4 (E.D. Cal. Mar. 27,
3  2009) (rejecting argument that prison officials should have
4  advised the plaintiff that he improperly added new issues at the
5  first or second level appeals).

6       Accordingly, because plaintiff failed to exhaust his
7  administrative remedies with respect to his Eight Amendment claim
8  against Dr. Athanassious based on the catheter incident, the
9  court will grant Dr. Athanassious's motion for summary judgment
10 on that claim.

11      IT IS THEREFORE ORDERED that (1) the Magistrate Judge's
12 Findings and Recommendations of July 8, 2011, be, and the same
13 hereby are, adopted only to the extent they are consistent with
14 this Order; and (2) Dr. Athanassious's motion for summary
15 judgment be, and same hereby is, GRANTED.

16 DATED:   September 1, 2011

18 WILLIAM B. SHUBB
19 UNITED STATES DISTRICT JUDGE