IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN RODGERS,

    Plaintiff,                  No. CIV S-07-2269 WBS DAD P

    vs.

JAMES E. TILTON, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983.  This case will be referred to Magistrate Judge Craig M. Kellison to conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #2 on October 20, 2011 at 1:00 p.m.

        A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

        In accordance with the above,  IT IS HEREBY ORDERED that:

        1.  This case is set for a settlement conference before Magistrate Judge Craig M. Kellison on October 20, 2011, at 1:00 p.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #2.

1      2. Defendant's lead trial counsel and a representative with full and unlimited authority to negotiate and enter into a binding settlement on defendant's behalf shall attend the settlement conference in person.[1]

      3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, if a representative with full and unlimited authority to settle the case fails to attend, the conference will not proceed and will be reset to another date.

DATED: September 7, 2011.

                           /s/ Dale A. Drozd
                           DALE A. DROZD
                           UNITED STATES MAGISTRATE JUDGE

DAD:9
rodg2269.med

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989) (cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993)). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., No. CV02-1886PHX DGC, 2003 WL 23353478 (D. Ariz. 2003). The purpose underlying the requirement that a representative with full settlement authority attend the settlement conference is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain does not comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).